UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ROGER ALAN STONE,

        Debtor.

Case No. K12-00095-DMD
Chapter 13

**MEMORANDUM ON DEBTOR'S OBJECTION TO CLAIM NO. 7**
**(Robert Ziegler, Jr.)**

        Debtor Roger Stone objects to the allowance of Claim No. 7, filed by Robert Ziegler, Jr. On June 18, 2012, Ziegler filed his initial claim for $20,000.00. This was a general unsecured claim based on a fine imposed on Ziegler by the Alaska Real Estate Commission ("the Commission"). Ziegler maintains that the fine was levied as a result of the debtor's theft of funds from the trust account for Alliance Realty Property Management ("APRM"). APRM was co-owned by Ziegler and the debtor.

        The debtor contends he is not responsible for the fine Ziegler was issued as a result of the Consent Agreement with the Commission.[1] At the hearing on the objection to this claim, held August 9, 2012, the debtor pointed out that he wasn't a party to the proceeding that resulted in the Consent Agreement. The court indicated it would review the Consent Agreement and issue a written decision on the claim objection. Six days after the hearing concluded, on August 15, 2012, Ziegler filed an amended Claim No. 7-1. His amended claim is for the sum of $114,708.50 and the stated basis for the claim is "theft of

---

[1] Obj. to Claim No. 7 and Ntc. of Hearing Thereon, filed Jul. 9, 2012 (Docket No. 52), at 1.

trust funds required payment by R. Ziegler."[2] In a letter of explanation submitted with his claim, Ziegler states:

> My signing of the consent decree issued by the Real Estate Commission was based on the offer given to me. I could sign it and Alliance Realty could continue to operate and attempt to make the trust whole, or I could choose to fight it, but the company would be closed immediately, pending the results. . . . My fine would not have been imposed if Roger had not taken the money.[3]

This court has disallowed Ziegler's amended Claim No. 7-1 on the grounds that it is duplicative of Claim No. 9, which he also filed.[4] However, during the continued hearing on the debtor's objection to Claim No. 9, the court again indicated that it would provide its reason for finding that the $20,000.00 fine imposed on Ziegler by the Commission is not recoverable from the debtor in this case.

As the Commission noted in the Consent Agreement, "failure to comply with all provisions of 12 AAC 64.250 is considered to be fraudulent and dishonest conduct within the meaning of AS 08.88.071(a)(3)(A)(iv) and is grounds for revocation or suspension" of a broker's license.[5] The Commission found that *both* Ziegler and the debtor "used trust account funds to pay expenses for their privately owned rental properties," "used trust

---

[2] Claim No. 7-1, filed Aug. 15, 2012, at 1.

[3] *Id.* at 4.

[4] Order on Debtor's Objections to Claims, entered Aug. 22, 2012 (Docket No. 72).

[5] *See* Consent Agreement, filed Aug. 9, 2012 (Docket No. 64), at 4.

2

account funds to pay expenses for Rocuzi, LLC, a holding company privately owned by [both]," and "used the trust account ledger for Rocuzi, LLC to carry the debt from a loss on a private real estate investment." [6]  This conduct violated 12 AAC 64.250(2), (4), and (5).[7] Further, Ziegler, who was the broker for Alliance Realty, violated AS 08.88.173(a) by failing to obtain a blanket fidelity insurance bond for this entity.[8]  There are other findings in the Consent Agreement which implicate Ziegler, independent of any misconduct on the part of the debtor.  For these reasons, I conclude that the debtor is not responsible for the $20,000.00 fine imposed by the Commission.  Ziegler is not entirely innocent or blameless, and this liability cannot be passed on to the debtor.

DATED:  August 22, 2012.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  D. Bruce, Esq.
R. Ziegler, Creditor
L. Compton, Trustee
U. S. Trustee

---

[6] *Id.* (emphasis added).

[7] *Id.*

[8] *Id.* at 6.

3